IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIV. NO. 17-00102 LEK-KSC |
| | ) |
| Plaintiff, | ) ORDER VACATING DEFICIENCY |
| | ) ORDER AND DISMISSING |
| vs. | ) ACTION PURSUANT TO 28 |
| | ) U.S.C. § 1915(g) |
| HAWAII PAROLING AUTHORITY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER VACATING DEFICIENCY ORDER AND DISMISSING ACTION
PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Peter R. Tia's

prisoner civil rights complaint.  ECF No. 1.  Because

Tia did not submit the $400.00 filing fee or an

Application to Proceed In Forma Pauperis ("IFP"), the

court issued an automatic Deficiency Order directing

him to do so.  ECF No. 2.  For the following reasons,

the court VACATES the Deficiency Order and DISMISSES

this action pursuant to 28 U.S.C. § 1915(g).

## I.  TIA'S CLAIMS

Tia alleges that Hawaii Paroling Authority ("HPA")

former and current board members Bert Y. Matsuoka and

Fituina F. Tua conspired with Hawaii Ombudsman

Alfred Itumura, Department of Public Safety officials,

and others to impose improper conditions of parole when

they granted him tentative approval of parole on

December 13, 2016. Tia says this tentative approval is

conditioned on his showing he has been accepted in

appropriate housing and agreeing to comply with all

medical orders by his treating physicians. Tia alleges

the latter condition violates a state court order that

released him from being involuntarily medicated between

2013 and 2015. *See generally*, Compl., ECF No. 1. Tia

refers to Exhibits A and B as proof of these allegedly

improper parole conditions, but fails to attach such

exhibits to the Complaint.

## II.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a

civil judgment if he has:

> on 3 or more prior occasions, while
> incarcerated . . . brought an action or appeal
> in a court of the United States that was
> dismissed on the grounds that it is frivolous,
> malicious, or fails to state a claim upon which
> relief may be granted, unless [he] is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "should be used to deny a prisoner's IFP status only when . . . the district court determines that the [earlier] action was dismissed because it was frivolous, malicious or failed to state a claim."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[D]ocket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g)."  *Id.* at 1120.

Tia has accrued three "strikes" under § 1915(g), and has been notified of these strikes.[1]  Tia may not proceed in a civil action without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury based on Defendants' actions when he filed suit.

### III.  NO IMMINENT DANGER

The imminent danger "exception applies if the

---

[1]*See Tia v. Criminal Investigation*, 1:10-cv-00441 DAE (D. Haw. 2010) (dismissed as frivolous and ftsc); *Tia v. Criminal Investigation*, 1:10-cv-00383 SOM (D. Haw. 2010); and (same); *Tia v. Fujita*, 1:08-cv-00575 HG (D. Haw. 2009) (dismissed for failure to state claim).  *See* PACER Case Locator http://pacer.psc.uscourts.gov.

complaint makes a plausible allegation that the
prisoner faced 'imminent danger of serious physical
injury' at the time of filing."  *Andrews v. Cervantes*,
493 F.3d 1047, 1055 (9th Cir. 2007).  This "exception
turns on the conditions a prisoner faced at the time
the complaint was filed, not some earlier or later
time."  *Id.* at 1053.  Claims of "imminent danger of
serious physical injury" cannot be triggered solely by
complaints of past abuse.  *See Ashley v. Dilworth*, 147
F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32
F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

     Tia's allegations that Matsuoka and Tua
tentatively approved his release on parole subject to
his compliance with physicians' medical orders does not
show that Tia was in imminent danger of serious
physical injury when he commenced this action.  Tia has
not been granted parole, thus, he is not subject to any
allegedly improper conditions of parole.  Even
accepting that Tia's future release on parole may be
conditioned upon his compliance with physicians' orders
to take prescribed medication does not show that Tia is

or will be placed in imminent danger of serious

physical injury without more concrete allegations.

### IV. <u>CONCLUSION</u>

Tia is not in imminent danger of serious physical

injury based on any alleged tentative decisions of the

HPA and he may not proceed IFP in this action.

Accordingly, the Deficiency Order, ECF No. 2, is

VACATED and this action is DISMISSED without prejudice

to Tia's refiling these claims in a new action with

concurrent payment of the civil filing fee.  Any

pending motions are terminated.  The Clerk of Court is

DIRECTED to close the case and note this dismissal is

pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:   HONOLULU, HAWAII, March 8, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. HPA,* 1:17-cv-00102 LEK/RLP; 3stk 2017/Tia 17-102 lek